UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Francisco Vidal, et al., | Case No. 2:20-cv-00467-RFB-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Las Vegas Metro Police Department, et al. | |
| Defendants. | |

Before the Court is plaintiff Francisco Vidal's motion to screen complaint. (ECF No. 3.) Vidal has not submitted an application to proceed in forma pauperis nor paid the requisite fees to initiate a civil action. The Court will therefore deny his motion. Further, Vidal must advise the Court by April 22, 2020, whether he intends to assert his claims in the underlying case or, alternatively, in *Vidal v. Lindsey*, No. 2:19-cv-01334-JAD-BNW.

**I.  Background.**

To fully understand the peculiar procedural posture of Vidal's motion, the Court must begin with a brief procedural history of a separate matter: *Vidal v. Lindsey*, No. 2:19-cv-01334-JAD-BNW (the "2019 Case"). Vidal initiated the 2019 Case with an application to proceed in forma pauperis and an accompanying complaint. (2019 Case at ECF No. 5.) On February 19, 2020, this Court granted Vidal's application to proceed in forma pauperis, screened his complaint, and ultimately dismissed the complaint without prejudice. (2019 Case at ECF No. 13.)

In its order dismissing the complaint in the 2019 Case, this Court imposed a March 4, 2020, deadline for Vidal to file an amended complaint. (*Id.*) Vidal's amended complaint was not filed on the 2019 Case's docket. Thus, on March 19, 2020, this Court recommended that the district judge dismiss Vidal's 2019 Case without prejudice. (2019 Case at ECF No. 16.)

Vidal, then, filed a single document containing the case numbers for both the 2019 Case and this underlying case. The document is styled as an objection to the Court's recommendation in the 2019 Case and as a motion for the Court to screen the complaint filed in this underlying case. (2019 Case at ECF No. 17; underlying case at ECF No. 3.)

In his objection, Vidal argues that he attempted to file a new complaint consistent with the Court's March 4, 2020, deadline. (2019 Case at ECF No. 17.) According to Vidal, he sent his amended complaint to the Clerk of Court with a cover letter asking that the amended complaint be filed into the 2019 Case. (*Id.*) Instead, however, the Clerk of Court allegedly opened the underlying case and docketed the complaint at ECF No. 1-1.

Given Vidal's objection, this Court issued an order vacating its recommendation that Vidal's 2019 Case be dismissed without prejudice. (2019 Case at ECF No. 18.) Further, in the same order, the Court gave Vidal until April 30, 2020, to file an amended complaint into the 2019 Case's docket. (*Id.*)

Now, however, the Court must address Vidal's motion for screening, docketed in the underlying case at ECF No. 3. Vidal is instructed that the underlying case and the 2019 Case are two separate matters. The documents that Vidal filed in the 2019 Case—including his application to proceed in forma pauperis—are not filed in the underlying case, and the Court will not consider them while resolving his motion for screening. The Court will order Vidal to choose whether he will assert his claims in the 2019 Case or in the underlying case: he may not do both.

**II.     Discussion.**

Federal law provides that the Court may authorize a civil litigant to commence a suit in forma pauperis, without prepayment of fees. 28 U.S.C. § 1915(a)(1). To that end, under the Local Special Rules, an inmate who desires to proceed in forma pauperis must complete an application and attach both an inmate account statement for the past six months and a signed financial certificate. LSR 1-1 and 1-2. Here, Vidal has not filed an application in the underlying case and the Court will therefore deny his motion for screening.

The Court will order that by April 30, 2020, Vidal must, in the underlying case, either: (1) file a complete application to proceed in forma pauperis, along with the required account

statement and financial certificate; (2) pay the full $400 fee for a civil action (which includes the $350 filing fee and a $50 administrative fee); or (3) file a notice with the Court indicating that he will abandon the underlying case and instead proceed with the 2019 Case.[1]

**III.   Conclusion.**

IT IS THEREFORE ORDERED that the Clerk of Court send Vidal the approved form application to proceed in forma pauperis by a prisoner, as well as the accompanying information form and instructions for filing the application.

IT IS FURTHER ORDERED that within thirty days from the date of this order, Vidal must, in the underlying case, either: (1) file a complete application to proceed in forma pauperis, along with complete financial attachments in compliance with 28 U.S.C. § 1915(a); (2) pay the full $400 fee for a civil action (which includes the $350 filing fee and the $50 administrative fee); or (3) file a notice with the Court indicating that he will abandon the underlying case and instead proceed with the 2019 Case.  Plaintiff is advised that failure to comply with this order will result in a recommendation that the underlying case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court retain the complaint (ECF No. 1-1) but not file it at this time.

DATED: April 1, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] Vidal is instructed that if he chooses to proceed with the 2019 Case, he need not file a new application to proceed in forma pauperis nor pay the filing fee.  He need only file his amended complaint into the 2019 Case's docket by April 30, 2020, and the Court will screen the complaint in the ordinary course.